NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0412n.06

No. 18-2349

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Aug 07, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CHRISTIAN EDUARDO ZERPA-RUIZ, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

Before: CLAY, LARSEN, and READLER, Circuit Judges.

LARSEN, Circuit Judge.  Christian Eduardo Zerpa-Ruiz was charged with conspiring to commit bank larceny in the Western District of Michigan.  Zerpa-Ruiz pleaded guilty.  He now appeals his sentence, arguing that it was procedurally unreasonable because the district court erroneously applied an obstruction-of-justice enhancement and failed to give him credit for acceptance of responsibility.  He also argues that his sentence is substantively unreasonable because the district court erroneously gave him a sentence at the highest end of his Guidelines range.  Having considered the arguments raised on appeal, we affirm the sentence.

I.

In March 2018, Zerpa-Ruiz, along with Ragde Hussein Pinto-Coronado, were arrested attempting to "jackpot" an ATM at the United Federal Credit Union in St. Joseph, Michigan.  Jackpotting involves removing an ATM's hard drive and infecting it with malware, which allows the operator to assume control of the ATM and cause it to dispense currency.  Zerpa-Ruiz and

Pinto-Coronado were both indicted for conspiracy to commit larceny from a federally-insured credit union, in violation of 18 U.S.C. §§ 371 and 2113(b).

Both conspirators pleaded guilty. Pinto-Coronado quickly, and without promise of leniency, provided substantial information to investigators, like demonstrating to the officers how the "jackpotting" operation worked. During his presentence-investigation-report (PSR) interview, Pinto-Coronado alleged that Zerpa-Ruiz had threatened him while they were being held in detention. Pinto-Coronado maintained that Zerpa-Ruiz had orchestrated the kidnapping and beating of Pinto-Coronado's father in Venezuela in retaliation for Pinto-Coronado's cooperation with law enforcement. Emails later sent to Pinto-Coronado's attorney, purportedly from Pinto-Coronado's father, confirmed these events. After the father's kidnapping and beating, Zerpa-Ruiz also allegedly threatened Pinto-Coronado, stating, "See how far I can go." As a result of this threat, Pinto-Coronado feared for his life and secured a transfer to an alternate facility.

The district court sentenced Zerpa-Ruiz to 51 months' imprisonment—the highest within-Guidelines sentence. The district court found that Zerpa-Ruiz's threat and orchestrated assault justified a two-level obstruction-of-justice enhancement. Furthermore, the district court denied Zerpa-Ruiz's request for a downward adjustment to his offense level for acceptance of responsibility and denied his motion for a variance from the applicable Guidelines range. Zerpa-Ruiz appealed, arguing that his sentence was procedurally unreasonable because the district court erroneously applied the obstruction-of-justice enhancement and failed to give him credit for acceptance of responsibility. He also argues that the 51-month sentence is substantively unreasonable.

II.

A criminal sentence must be both procedurally and substantively reasonable. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Id.* at 442. "The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Instead, substantive unreasonableness asks whether "the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* We review claims of both procedural and substantive unreasonableness for an abuse of discretion, although we review the district court's factual findings for clear error and its legal conclusions de novo. *Id.* at 440, 442.

A. Procedural Reasonableness

We begin with procedural reasonableness. Zerpa-Ruiz argues that the district court erred on two counts: (1) by imposing a two-level enhancement for obstruction of justice and (2) by declining to grant a downward adjustment to his offense level for acceptance of responsibility. We disagree.

*Obstruction of Justice.* Zerpa-Ruiz argues that the district court should not have applied a two-level sentencing enhancement for obstruction of justice because the evidence of his threatening conduct was not reliable. *See* U.S.S.G. § 3C1.1. "[T]hreatening, intimidating, or

otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so" constitutes obstruction of justice. U.S.S.G. § 3C1.1, cmt. n.4(A). "A district court's findings of fact at sentencing are subject to a preponderance-of-the-evidence standard." *United States v. Stout*, 599 F.3d 549, 558 (6th Cir. 2010) (citing *United States v. Hunt*, 487 F.3d 347, 350 (6th Cir. 2007)).

When making its factual findings, a district court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). The sufficient-indicia-of-reliability requirement is a "'relatively low hurdle' that asks only that '*some* evidentiary basis beyond mere allegation in an indictment be presented to support consideration of such conduct as relevant to sentencing.'" *United States v. Johnson*, 732 F.3d 577, 583 (6th Cir. 2013) (quoting *United States v. Moncivais*, 492 F.3d 652, 659 (6th Cir. 2007)). Furthermore, "we review those reliability decisions under the highly deferential, clearly erroneous standard." *United States v. Armstrong*, 920 F.3d 395, 398 (6th Cir. 2019) (citing *United States v. Gibson*, 985 F.2d 860, 864 (6th Cir. 1993)). "That means we will reverse the district court's finding of reliability only if it leaves us 'with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. Darwich*, 337 F.3d 645, 663 (6th Cir. 2003)).

The district found that Zerpa-Ruiz had threatened Pinto-Coronado based on Pinto-Coronado's statements and an email that purportedly came from Pinto-Coronado's father. In his PSR interview and sentencing memorandum, Pinto-Coronado claimed that Zerpa-Ruiz ordered Pinto-Coronado's father kidnapped and beaten with a baseball bat in Venezuela because of Pinto-Coronado's cooperation with law enforcement. Pinto-Coronado also claimed that after the incident with his father, he saw Zerpa-Ruiz in the Newaygo County Jail, where Zerpa-Ruiz

threatened him by stating, "See how far I can go." In addition, in the email to Pinto-Coronado's attorney, the father described the assault in Venezuela, during which he was told, "this was [on] behalf of Christi[an] Zerpa." The email also included photos of his injuries.

Zerpa-Ruiz argues that Pinto-Coronado's statements were unreliable. But the district court found Pinto-Coronado's statements reliable because his credibility was "pretty well established," given that he had "cooperated early and extensively without any promise of assistance," and he had "been truthful." The district court also found him credible because he brought to the probation officer's attention that Zerpa-Ruiz had been jailed for murder in Venezuela, a fact later confirmed by the U.S. Embassy. This satisfies the "relatively low hurdle" for reliability. *Johnson*, 732 F.3d at 583.

But according to Zerpa-Ruiz, Pinto-Coronado's statements are unreliable because Pinto-Coronado should have testified live at the hearing instead of offering written statements: "Pinto was not only available, he was resting in the on deck circle, essentially on the other side of the wall, awaiting his own sentencing hearing that very day." But a sentencing court may "consider and rely on hearsay evidence without any confrontation requirement." *United States v. Paull*, 551 F.3d 516, 527 (6th Cir. 2009) (quoting *United States v. Silverman*, 976 F.2d 1502, 1511 (6th Cir. 1992) (collecting cases)). Furthermore, there is no indication that Zerpa-Ruiz asked to call Pinto-Coronado as a witness, despite his apparent awareness that Pinto-Coronado was in the courthouse. A similar situation arose in *Armstrong*, where the defendant knew the identity of a confidential informant, but "chose not to call the informant to testify at the hearing." 920 F.3d at 400. We said

that "by doing so, [the defendant] abandoned his right to cry foul over his inability to rebut [the informant's] claims." *Id.* So too here.[1]

The district court did not clearly err by finding that Pinto-Coronado's statements were reliable. Thus, the district court did not abuse its discretion by applying the obstruction-of-justice enhancement.

*Acceptance of Responsibility.* Zerpa-Ruiz next argues that the district court should have granted a two-level downward adjustment because he accepted responsibility for his offense. *See* U.S.S.G. § 3E1.1(a) (authorizing a two-level reduction where a defendant "clearly demonstrates acceptance of responsibility for his offense"). "The defendant has the burden of demonstrating that a downward adjustment in his offense level is warranted" for acceptance of responsibility. *United States v. Walker*, 182 F.3d 485, 487 (6th Cir. 1999) (alteration and quotation marks omitted). According to Zerpa-Ruiz, "the undisputed facts demonstrate clearly that Zerpa accepted responsibility for his offense conduct." The district court concluded otherwise, and this determination was not an abuse of the court's discretion.

Zerpa-Ruiz argues that he accepted responsibility because he "acknowledged upon his arrest his involvement in the offense. He stipulated to material facts in his plea agreement. And he expressed his apologies to the court and the affected institutions, in his sentencing allocution." Zerpa-Ruiz is right that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is

---

[1] In his reply brief, Zerpa-Ruiz also challenges the reliability of the email purporting to have been sent by Pinto-Coronado's father. A party, however, forfeits arguments not presented in the opening brief, so we decline to address it. *See, e.g.*, *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018).

accountable . . . will constitute significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. n.3. The problem for Zerpa-Ruiz, however, is that "[c]onduct resulting in an enhancement under [the obstruction-of-justice provision] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," except in "extraordinary cases." *Id.* at n.4. As discussed above, the district court did not abuse its discretion when it found that Zerpa-Ruiz had obstructed justice. And Zerpa-Ruiz has failed to show that this is an "extraordinary case."

None of the cases Zerpa-Ruiz identifies is on point. In *United States v. Gregory*, we found an extraordinary circumstance where "[a]ll of [the defendant's] obstructive conduct predated his indictment." 315 F.3d 637, 641 (6th Cir. 2003). Unlike the defendant in *Gregory*, Zerpa-Ruiz engaged in obstructive conduct *after* his indictment, thereby failing to fully cooperate and genuinely accept responsibility. Zerpa-Ruiz also cites *United States v. Hamilton*, but there we addressed only the propriety of an obstruction-of-justice enhancement; we did not address the district court's decision to grant an acceptance-of-responsibility adjustment despite finding obstruction of justice. 929 F.2d 1126, 1130–31 (6th Cir. 1991).

Furthermore, the district court indicated that—even in the absence of obstructive conduct—Zerpa-Ruiz had failed to accept responsibility for his offense. Even if a defendant pleads guilty, "constantly attempting to mischaracterize that conduct, 'spin' it, so to speak, and minimize the defendant's responsibility will support a finding that a defendant has not accepted responsibility." *United States v. Lay*, 583 F.3d 436, 449 (6th Cir. 2009) (alterations and quotation marks omitted). Here, the district court explained that Zerpa-Ruiz had sought to downplay the severity of his conduct throughout the case—e.g., he had failed to admit certain aspects of the conspiracy just after his arrest, like "the fact that he actually scooped up the money" from the ATM

and his involvement in similar incidents of jackpotting. The district court also found that Zerpa-Ruiz, during his plea hearing, "did everything he could to minimize his participation" and "never really came clean."

The PSR, which the district court discussed at length during Zerpa-Ruiz's sentencing hearing, reinforces the district court's conclusion that Zerpa-Ruiz failed to accept responsibility. The PSR stated that "[d]uring the presentence interview, [Zerpa-Ruiz] reported he essentially stumbled into criminal activity and he was simply driving the real perpetrators of the crime [from] place to place." "In reality," the probation officer determined, "it appears he came to the United States with the purpose of engaging in these and other thefts. He rented the cars, he collected the money from the machines, and he delivered payments to the appropriate people." Because he had made "statements minimizing his involvement in and knowledge of the offense," the PSR recommended denying the acceptance-of-responsibility adjustment.

The district court considered these facts—along with the other evidence to which Zerpa-Ruiz points—in determining that Zerpa-Ruiz had not accepted responsibility. On this record, the district court's factual findings were not clearly erroneous, and the district court did not abuse its discretion when it refused to apply a downward adjustment for acceptance of responsibility.

### B. Substantive Reasonableness

Zerpa-Ruiz lastly argues that his sentence was substantively unreasonable; he suggests that because he had no criminal history, had already been detained for eight months, and faced immediate deportation upon completion of his term, his sentence "was beyond that which was necessary to meet the § 3553(a) statutory objectives of sentencing." Again, we disagree.

To begin with, "[a] properly calculated within-guidelines sentence will be afforded a rebuttable presumption of reasonableness on appeal." *United States v. Conatser*, 514 F.3d 508,

520 (6th Cir. 2008) (citing *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)). Here, the district court correctly calculated a Guidelines range of 41 to 51 months. It then imposed 51 months' imprisonment—a within-Guidelines sentence, albeit at the high end. Zerpa-Ruiz fails to rebut the reasonableness presumption.

Zerpa-Ruiz argues that the district court gave inadequate weight to his eight months of detention, lack of prior criminal history, and prospect of immediate deportation. But we cannot say that the district court erred in its weighing of the § 3553(a) factors. The district court noted that the offense was "chillingly serious," "international in scope," and "strikes at the integrity of the financial system of the whole country." And the district court did address Zerpa-Ruiz's history and his community involvement and noted that the alleged homicide conviction in Venezuela "did not and does not play into the length of the sentence in this case." But given the seriousness of the crime, the need for deterrence, and the importance of protecting financial institutions, the district court found that a sentence at the top of the Guidelines range was necessary. Thus, we find no abuse of discretion in Zerpa-Ruiz's within-Guidelines sentence of 51 months' imprisonment.

\* \* \*

For the reasons stated above, we AFFIRM the district court's judgment.