NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0610n.06

CASE No. 19-5122

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Dec 11, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DEONDAY EVANS, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| *Defendant-Appellant*. | ) | |

Before: BATCHELDER, WHITE, and MURPHY, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. A criminal defendant appeals his conviction and sentence for being a felon in possession of a firearm and ammunition. We affirm.

**I.**

On April 26 and 27, 2016, the police oversaw two controlled buys of cocaine from Deonday Evans's apartment. On April 28, police obtained and executed a search warrant for Evans's apartment, where they found a loaded handgun, cocaine, marijuana, digital scales, a counterfeit money detector, and two pre-recorded $100 bills from the two controlled buys. The police arrested Evans. During questioning, he admitted to owning the handgun and the cocaine, that cocaine was sold from his apartment, and that he had purchased the handgun on the street, for protection.

The prosecutor filed four charges: a drug-trafficking charge, 21 U.S.C. § 841(a)(1), a firearm-in-furtherance-of-drug-trafficking charge, 18 U.S.C. § 924(c), and two felon-in-possession charges, for the handgun and ammunition, 18 U.S.C. § 922(g)(1). Ultimately, the jury convicted Evans on the two felon-in-possession charges but acquitted him of the others.

Prior to trial, Evans moved to suppress the evidence seized from the search, arguing that the warrant application contained false statements and material omissions. The district court denied the motion. At jury selection, the prosecutor used six peremptory challenges; five to strike Caucasians and one to strike an African-American. The court stepped in and urged the prosecutor not to strike the African-American, but the prosecutor would not relent, explaining that he was removing the African-American and two Caucasians for the same reason, namely, that they had initially said they did not support the legalization of recreational marijuana use, but later said they did. Evans made a formal motion under *Batson v. Kentucky*, 476 U.S. 79 (1986), which the district court denied. In the end, the jury had one African-American juror. At the close of the evidence, Evans requested a jury instruction that, to be found guilty on the felon-in-possession charges, he must have "directly caused" the firearm and ammunition "to cross state lines through a commercial transaction." The district court denied that instruction as contrary to controlling law and instructed the jury that it need only find that that firearm and ammunition were manufactured in a state other than Tennessee. After trial, Evans moved the court to reconsider its denial of his suppression motion, arguing that the testimony bolstered his claim that the affidavit was flawed due to material omissions. He did not argue staleness. The district court denied the motion.

At sentencing, based on an investigative summary report stating that an initial check of the National Crime Information Center (NCIC) database listed the gun as stolen, the prosecutor sought a two-level increase under U.S.S.G. § 2K2.1(b)(4). Evans opposed the increase and the prosecutor acknowledged that, at the time of sentencing, the NCIC database no longer listed the gun, but explained that it was normal for a stolen gun to be de-listed once it had been returned to the rightful owner. The district court found that the gun was stolen and applied the two-level increase. Ultimately, the court imposed a within-guidelines sentence of 72 months in prison. Evans appeals.

**II.**

Evans argues that the district court erred by finding in favor of the prosecutor on his *Batson* claim, claiming that the prosecutor's explanation was pretextual and, therefore, he had proven purposeful racial discrimination. Our "review of the trial court's factual determinations in a *Batson* hearing [is] highly deferential," such that the "court's ruling on the issue of discriminatory intent must be sustained unless it is clearly erroneous." *Flowers v. Mississippi*, 139 S. Ct. 2228, 2244 (2019) (quotation marks and citations omitted). The prosecutor here used one of six challenges to remove an African-American (leaving one African-American on the jury); did not exhibit any objective evidence of discriminatory consideration during voir dire questioning or when discussing the proffered challenges; and, as evidenced by the district court's ruling, apparently convinced the district court of his credibility. The only argument Evans can muster is that the prosecutor's proffered reason for the challenge (i.e., that the African-American had changed his answer about his view of legalizing recreational-marijuana use) applied to many of the jurors. But the prosecutor *did* strike two Caucasians for the same reason and explained to the district court, persuasively it appears, that he was unable to note all those who had changed their answers but had struck the three he had noted. We cannot conclude from these facts that the district court's finding was clearly erroneous.

Evans next argues that the district court erred by refusing his requested jury instruction, which would have required the district court to ignore or "overturn" controlling precedent, namely *Scarborough v. United States*, 431 U.S. 563 (1977), and *United States v. Murphy*, 107 F.3d 1199, at 1210-11 (6th Cir. 1997), which prescribe only a "minimal nexus" between the handgun and interstate commerce, rather than Evans's asserted "direct causation" requirement. Neither we nor the district court are at liberty to ignore or overturn our published precedent, much less that of the

Supreme Court. *See United States v. Burris*, 912 F.3d 386, 406 (6th Cir. 2019). Therefore, the district court did not err by refusing the requested instruction.

Evans also argues that the district court erred by imposing the two-level enhancement for the handgun's being stolen, based on his belief that the officer's hearsay statement was insufficient to prove that the gun was stolen. But "[d]istrict courts routinely rely on hearsay for the factfinding part of a sentencing decision [and] [s]o long as the information has 'some evidentiary basis' to satisfy a 'minimal indicium of reliability,'" we review that decision for clear error. *United States v. Armstrong*, 920 F.3d 395, 398 (6th Cir. 2019). Here, Evans had conceded that he bought the gun "off the street" and a police officer had determined that the gun was listed on the NCIC database as having been stolen. This is enough to overcome a claim of clear error.

Finally, Evans argues that the district court erred by denying his motion to suppress, based on his belief—which is contrary to controlling precedent—that evidence of a controlled buy is stale after 12 hours, rendering any warrant application that relies on such (stale) evidence insufficient. Evans never raised this argument in the district court. Regardless, controlling precedent has rejected staleness challenges when a controlled buy occurred 72 hours before the warrant application. *United States v. Archibald*, 685 F.3d 553, 558 (6th Cir. 2012); *United States v. Jackson*, 470 F.3d 299, 308 (6th Cir. 2006). Neither we nor the district court can ignore or overturn published precedent. *Burris*, 912 F.3d at 406.

**III.**

For the foregoing reasons, we AFFIRM the judgment of the district court.