NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0487n.06

No. 22-5010

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 30, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) ) | COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| ROBERT BROWN, | ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: SUTTON, Chief Judge, GRIFFIN and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** While imprisoned, Robert Brown helped his cellmate try to escape through the ceiling of their cell. And then he tried to escape himself. He pleaded guilty and received a 44-month sentence. Brown appeals this sentence as procedurally and substantively unreasonable. We disagree and affirm.

## I. Background

### A. Facts

After Andy Dufresne's remarkable escape in the Shawshank Redemption, Red Redding muses "I have to remind myself that some birds aren't meant to be caged." One might imagine that Robert Brown had thoughts along those same lines, though his execution fell short of Hollywood magic.

Robert Brown was an inmate at United States Penitentiary McCreary with about four years left on his sentence. In May 2020, he and his cellmate, Jamie Rosenquist, attempted to escape. The two prisoners barricaded their cell with sheets and mattresses, strung braided sheets and blankets to anchor points across the cell, made a hole in the ceiling, and attempted to climb through it. Rosenquist made his way successfully to the roof. But Brown's journey ended ingloriously. Prison staff found Brown trying to climb through the hole in the roof, with his legs still dangling from the ceiling.

Prison officials pulled Brown from the ceiling when they allege that Brown became combative. They claim he punched, kicked, bit, spat at, and threatened to kill them. Brown denies this, claiming that he was handcuffed or shackled at all times. So it would have been "nearly impossible" for him to have used force against the guards. (R. 66, Brown Objections, 3). No prison cameras recorded the events, but at least three staff members reported both his conduct and resulting minor injuries.

## B. Procedural Posture

Brown was indicted for aiding and abetting an attempted escape, in violation of 18 U.S.C. §§ 751(a) and 2. Brown entered a guilty plea without a written plea agreement, which the court accepted.

Brown's Presentence Report recommended a base offense level of 13 under U.S.S.G. § 2P1.1(a)(1), which covers prison escapes. The report recommended a five-level-sentence enhancement under § 2P1.1(b)(1) for the use or threat of force. It also recommended a three-level decrease for acceptance of responsibility, leaving Brown with a total offense level of 15.

Based on this calculation and his criminal history category of VI, Brown's Guideline range was 41-51 months. Brown objected to the five-point enhancement and to the Guideline calculation. He argued that his total offense level should be 10, leaving him with a Guidelines range of 24-30 months. At Brown's sentencing hearing, the government called Special Agent Tahisha Wiseman to testify about the events supporting the § 2P1.1(b)(1) enhancement. Agent Wiseman testified that she conducted the investigation into Brown's attempted escape but was not present for the incident. She also testified about Brown's conduct during the escape, including his use of force against the prison officials. Wiseman's testimony was based on her review of the incident report statements of the officers involved. Through her, the government introduced Officer Branden Grubb's incident report as well as photographs of the staff members' injuries. She also testified that there was no video evidence of the events of the day, likely because of a technological malfunction.

Despite considering the lack of video "unusual," the district court found that the government had met its burden to apply a § 2P1.1(b)(1) enhancement. (R. 81, Brown Sentencing Hearing, 35). The judge pointed to the significance of the incident report and photographs and accepted the PSR's offense-level recommendation of 15.

The court then heard arguments about the application of the 18 U.S.C. § 3553(a) factors. Brown argued for a downward variance to a 24-month sentence. In arguing for that variance, Brown cited the effect of losing his father, his significant family support, and his success in working towards sobriety with help from his family and faith. He noted his interest in furthering his education. He also provided a statement apologizing to the court.

After hearing the arguments, the district court imposed a 44-month sentence. The judge placed considerable emphasis on Brown's criminal history, including his use of firearms, drugs,

3

and violence. The court also discussed the mitigating factors that Brown had presented in choosing a sentence on the low end of the recommended Guidelines range. Brown timely appealed his sentence.

## II. Standard of Review

We generally review a sentence for procedural and substantive reasonableness for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Robinson*, 778 F.3d 515, 518 (6th Cir. 2015). We review the district court's findings of fact for clear error and accord "due deference to [its] application of the guidelines to the facts." *Buford v. United States*, 532 U.S. 59, 63 (2001) (citing 18 U.S.C. § 3742(e) (emphasis omitted)). Defendants need not raise substantive unreasonableness to preserve it for appeal. *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008) (citation omitted). But they must raise procedural reasonableness in the district court and on appeal. *Id.*[1]

## III. Analysis

### A. Procedural Reasonableness

First, we consider procedural reasonableness. *Gall*, 552 U.S. at 51. Procedural reasonableness requires the district court to have:

> (1) properly calculated the applicable advisory Guidelines range; (2) considered the other [18 U.S.C.] § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

---

[1] Brown raised this objection at sentencing, so we review for an abuse of discretion. *Penson*, 526 F.3d at 337.

*United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (alteration in original) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)). Brown alleges that the district court incorrectly calculated his Guidelines range. In determining a Guidelines range, the "burden is on the government to prove, by a preponderance of the evidence, that a particular sentencing enhancement applies." *United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003).

Brown argues that the district court improperly applied the § 2P1.1(b)(1) enhancement. When a factor important to a sentencing enhancement is in dispute, the court must give the parties "an adequate opportunity to present information" about that factor. U.S.S.G. § 6A1.3(a). The court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial" if the information has sufficient "indicia of reliability to support its probable accuracy." *Id.*; *see also United States v. Stout*, 599 F.3d 549, 558 (6th Cir. 2010).

Brown argues that the court impermissibly based its decision to apply U.S.S.G. § 2P1.1(b)(1) on Agent Wiseman's testimony and the out-of-court statements of the prison guards who pulled him from the ceiling. He argues that Agent Wiseman's testimony lacks any indicia of reliability because she relied exclusively on the reports of the officers in forming her opinion, rather than interviewing Brown or the guards herself.

Brown's argument here is unavailing. As the Guidelines note, the court at sentencing may consider evidence not admissible at trial, including hearsay, provided it has some "indicia of reliability." U.S.S.G. § 6A1.3. And this is a "relatively low hurdle." *United States v. Moncivais*, 492 F.3d 652, 659 (6th Cir. 2007). Indeed, it is a lower standard than preponderance of the evidence. *See id.* at 658–59.

Agent Wiseman's testimony provided indicia of reliability. It was based on the report of prison staff. And the reported testimony was supported by photographs of the officers' injuries consistent with that testimony.

Brown claims that the testimony of the guards was "insufficient and unreliable." (Brown Br. at 17) This argument comes up short. Brown tries to distinguish his case from *United States v. Rodgers*, 230 F.3d 1361 (6th Cir. 2000) (unpublished table decision), which the district court relied on. In *Rodgers*, we determined that a district court properly applied a § 2P1.1(b)(1) where an escaped inmate nearly hit police officers with his car during a high-speed chase, fled the vehicle, and then resisted officers who attempted to take him into custody. 230 F.3d 1361, at *2.

Brown argues that the key factor distinguishing his case from *Rodgers* is that the defendant in Rodgers went to a medical center for treatment of injuries sustained while fleeing from police. This, he argues, offered "uncontradicted proof" of the use of force. (Brown Br. at 19) But it is unclear what distinguishes that case from Brown's, except for perhaps the scale of the injuries. Here, Officer Branden Grubb, who detained Brown, prepared an incident report and photographs of the injuries suffered by three other guards, which is reliable evidence of the use of force. And Brown cites nothing to rebut that evidence.

Instead, Brown points to the lack of video footage in the prison to make the case that the evidence on which the court relied was uncorroborated. While the court acknowledged that the lack of video footage was "a little bit unusual," it sustained the findings in the report based on Agent Wiseman's testimony and the photographs provided. (R. 81, Brown Sentencing Hearing, 35) We may agree that the lack of video evidence in the prison was unusual. We may even be sympathetic to the defendant's argument that it was concerning. But that does not mean that this

negates the court's findings. As we have stated, we will not overrule a sentencing enhancement applied with sufficient corroboration. And "'[s]ufficient' means just that: sufficient. It does not mean exhaustive. It does not mean perfect." *United States v. Armstrong*, 920 F.3d 395, 399 (6th Cir. 2019) (emphasis omitted). Video evidence might have been preferable. But Agent Wiseman's testimony, Officer Grubb's report, and the photographs were sufficient.[2]

Because the evidence offered by the government had sufficient indicia of reliability to satisfy the evidentiary standard, and because Brown had the opportunity to call the guards as witnesses and chose not to, we cannot say that the district court abused its discretion in finding that the enhancement applied. The sentence was not procedurally unreasonable.

### B. Substantive Reasonableness

In determining whether a sentence is substantively reasonable, "[w]e must take into account the totality of the circumstances." *Adams*, 873 F.3d at 517 (internal quotation marks and citation omitted). A "sentence within the applicable Guidelines range is accorded a presumption of [substantive] reasonableness." *Id.* (alteration in original) (quotation marks and citation omitted). The presumption, however, is rebuttable and is not binding. *Id.* at 520 (citing *Rita v. United States*, 551 U.S. 338, 347 (2007)).

---

[2] Brown also seeks to distinguish his case from *Nance v. United States*, No. 2:16-cv-77, 2017 WL 4392880 (S.D. Ga. Oct. 3, 2017), which the district court found persuasive. He argues that in *Nance*, a police officer's testimony was more reliable than the testimony here because the officer took part in the physical altercation with the defendant. But this argument is unconvincing. The guards' names were known to Brown, as were their allegations against him. He could have called them to testify at his sentencing hearing and challenged their claims. Yet he chose not to. "And by doing so, he abandoned his right to cry foul over his inability to rebut [their] claims." *Armstrong*, 920 F.3d at 400.

A sentence is substantively unreasonable if "the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018) (citation omitted). Although the court must consider the relevant sentencing factors, "a district court does not commit reversible error simply by 'attaching great weight' to a few factors." *United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018) (alteration omitted) (quoting *Gall*, 552 U.S. at 57). We will not overturn a sentence just because we would balance the factors differently than the district court did. *United States v. Gardner*, 32 F.4th 504, 532 (6th Cir. 2022) ("Our review 'looks to whether the sentence is reasonable,' not to whether we 'would have imposed the same sentence' in the first instance." (citation omitted)).

Brown's burden is substantial, particularly because his sentence was within the Guidelines range. *United States v. Bradley*, 897 F.3d 779, 786 (6th Cir. 2018). We accord a rebuttable presumption of substantive reasonableness to within-Guidelines sentences.[3] *Rita*, 551 U.S. at 352, 354 (permitting a presumption of substantive reasonableness for within-Guidelines sentences); *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007) ("[W]ith regard to the substantive reasonableness inquiry, we have applied a rebuttable presumption of reasonableness to sentences falling within the applicable Guidelines range." (quotation marks and citation omitted)).

Brown argues that the district court gave undue weight to his criminal history without considering other § 3553 mitigating factors. He claims that the district court's weighing of the

---

[3] Brown acknowledges that if the court properly calculated his Guidelines range (it did), then his sentence is within the Guidelines range, but he claims that there is no automatic presumption of reasonableness. This is incorrect. While there is no presumption of *procedural* reasonableness when a sentence is within the Guidelines, courts may impose a presumption of *substantive* reasonableness. *Gall*, 552 U.S. at 51. The Sixth Circuit applies a presumption of substantive reasonableness for within-Guidelines sentences. *Adams*, 873 F.3d at 517.

factors made him receive a sentence that is "greater than necessary" to achieve desired sentencing goals. (Brown Br. at 21) (quoting 18 U.S.C. § 3553(a)).

At sentencing, the court found Brown's history to be a significant consideration. The sentencing judge noted that "it is a troubling criminal history with not just . . . drugs and guns but also some very clear incidences of violence." (R. 81, Brown Sentencing Hearing, 62) Brown argues that because his prior convictions involved firearms offenses and drug crimes, the court was wrong to find that his conviction for attempted escape suggested he was at risk of recidivism. Indeed, he claims that there was "no nexus" between his past crime and that for which he was being sentenced. (Brown Br. at 24)

Yet it was not just Brown's history that concerned the judge. She explicitly stated that "when you put [drugs, guns, and the use of violence] together. . . . it does magnify the potential for . . . harm to the public, for you recidivating, . . . committing similar crimes in the future, for the need to deter you and to protect the public." (R. 81, Brown Sentencing Hearing, 62) Thus, the court did not rely solely on Brown's history in imposing his sentence, but considered and balanced various § 3553(a) factors in determining Brown's within-Guidelines sentence. *See United States v. Lanning*, 633 F.3d 469, 478 (6th Cir. 2011) (finding that the district court did not err in considering criminal history at sentencing after raising the defendant's criminal history score because the sentencing judge considered a range of § 3553(a) factors). So we must give "due deference" to the district court's decision. *Id.* (quoting *Gall*, 552 U.S. at 51).

Brown also claims that the district court erroneously considered his criminal history twice in imposing his sentence. But as Brown himself notes, our precedent allows a court to consider

criminal history in determining the length of a sentence. *United States v. Lee*, 974 F.3d 670, 677 (6th Cir. 2020).

True, we are reluctant to justify upward variances based on criminal history when it has already been used to calculate the Guidelines range.[4] *See, e.g.*, *United States v. Lightning*, 835 F. App'x 38, 41 (6th Cir. 2020) (citing *United States v. Boucher*, 937 F.3d 702, 711 (6th Cir. 2019)). But there was no upward variance here. The sentence is at the low end of Brown's properly calculated Guidelines range. So the court's use of Brown's criminal history was not meant to add time beyond what the Guidelines would recommend. Instead, the court considered it as one of the 18 U.S.C. § 3553(a) factors, which the court appropriately weighed in determining where within the prescribed Guidelines range Brown's sentence should fall. The district court did not abuse its discretion in factoring Brown's criminal history into its sentencing determination.

Finally, Brown argues that the court failed to adequately consider mitigating factors in imposing his sentence. He points to his difficult upbringing, strong family ties, pursuit of education, and engagement with his faith to argue that a full assessment of his circumstances warranted a downward variance.

But the court explicitly considered these factors at sentencing:

[F]amily support, your efforts to increase your education, your statement to the Court which I find very helpful, and, you know, some —the recent loss of your father which I do think has contributed to your self-awareness and your evaluation of yourself and where you're headed. I do think those are mitigating.

---

[4] Reluctant does not mean invariably opposed. We have held that in certain cases it may be permissible to use criminal history to justify a significant upward variance. But "in each of the cases in which we have upheld a district court's decision to vary upward based on a defendant's criminal history—a history which is already captured by the advisory guidelines range—we have emphasized the relationship between the instant offense and the defendant's prior offenses." *Lee*, 974 F.3d at 677.

(R. 81, Brown Sentencing Hearing, 61).  So although the court considered the mitigating factors, it did not consider them to be so mitigating as to justify a below-Guidelines sentence.  This was well within the court's discretion, and it is not for us to second-guess the sentence on this reasoning.  Thus, the sentence is substantively reasonable.

## IV.  Conclusion

For these reasons, the judgment of the district court is AFFIRMED.